James W. Hays et al. v. Jefferson D. Langley, late Sheriff, etc., for the use of John Beaird, Jr., and Warner J. Alderson.

1. TRIALS—*By the Court Without a Jury—Effect of its Findings.*— The trial court in passing upon the evidence and determining on which side it preponderates, stands in the place of a jury; and having seen the witnesses and heard them testify, its findings on the facts will not be interfered with by the Appellate Court for any cause less than that which would move the court if the finding had been made by a jury.

2. APPELLATE COURT PRACTICE—*Verdicts on Conflicting Evidence.*— An Appellate Court will not reverse a judgment based upon a verdict found on conflicting evidence, where the evidence is ample to sustain it.

**Debt,** on a replevin bond. Appeal from the Circuit Court of St. Clair County: the Hon. Martin W. Schaefer, Judge, presiding. Heard in this court at the February term, 1900. Affirmed. Opinion filed March 16, 1900. Rehearing denied at the August term, 1900.

Dill & Wilderman, attorneys for appellants.

Turner & Holder, attorneys for appellees.

Mr. Presiding Justice Bigelow delivered the opinion of the court.

We would be justified in affirming the judgment in this case, for the reason that appellants' counsel have neglected to comply with the following portion of Rule 25 of this court, viz.:

" The brief of appellant or plaintiff in error shall contain in the beginning a concise statement of the case, including, in a general way, the form of action, the substance of the pleadings, without detail, the substance of the evidence, * * * the judgment, and the rulings of the trial court complained of."

But we forbear disposing of the case in this summary manner, because of the statement of counsel for appellees, which we find to be substantially correct, and which is not questioned in appellants' reply brief.

In September, 1893, one Armstrong was indebted to appellant James W. Hays, and Hays sued him in the City Court of East St. Louis, and caused an attachment to be levied upon a race horse belonging to him, and such proceedings were had in the case that the horse was sold by the sheriff, and was bid off by appellee John Beaird, for $250, and the money was receipted for by the sheriff to Beaird, and was paid over to Hays' attorney in the attachment suit, and applied on the judgment against Armstrong.

Soon after the purchase, Beaird had the horse placed in the possession of appellee Alderson, to be cared for and raced, and after the horse had won some money, Hays brought a suit in replevin against Beaird and Alderson, in the City Court of East St. Louis, for the possession of the horse, and the case was tried, and by direction of the court, the jury returned a verdict in favor of the defendants.

The case was appealed to this court by Hays, where the judgment was reversed and the cause remanded for another trial. See Hays v. Beaird, 59 Ill. App. 529.

After the case was redocketed in the City Court, Hays dismissed his suit, and judgment was rendered against him for costs, and that he return the horse to defendants, and a writ of retorno habendo was awarded and issued, but the horse could not be found, as Hays had taken it with him to Ohio.

Beaird and Alderson brought this suit, in the name of the sheriff, for their use, upon the replevin bond, against Hays and his sureties, in the Circuit Court of St. Clair County. A jury was waived and the cause was tried by the court, which found the issues in favor of the plaintiffs and assessed the damages at $500. Thereupon defendants filed a motion for a new trial, which was overruled by the court, and defendants excepted, and the court rendered judgment on the findings, and the defendants brought the case here by appeal, and have assigned a number of errors on the record; but we are uncertain whether any besides the first one, are relied on for a reversal of the judgment. The first error assigned is as follows:

" The court erred in finding for the plaintiff, because the evidence shows Beaird bid the horse in for Hays."

Not a line of the pleadings in the case is abstracted, but instead, we find the following statement of counsel for appellants, where the abstract of the pleadings should be, viz.:

" The declaration is in the usual form, and the defendants filed several pleas, but on the trial the controversy was confined to the issue as to whether the right of property was in Hays or Beaird, Hays being the plaintiff in the replevin suit, and Beaird, the real party in interest, a defendant."

After counsel for appellees filed a statement of the case, with their brief and argument, appellant's counsel filed a reply, containing in the opening paragraph the following statement, viz.:

" The first and controlling question is whether Beaird

bid the horse in for Hays or bought him on his own account. If this is determined against Hays, under the testimony, that ends the controversy."

With these statements of appellants' counsel, and considering the manner in which the case has been argued by them, we have come to the conclusion that the only question appellants desire to have passed upon is as to the sufficiency of the evidence to sustain the finding and judgment of the court.

The theory of the plaintiff Hays in the replevin suit was, and the theory of appellants in this case is, that appellee bid off the horse at the sheriff's sale, not for himself, but as the agent or trustee of Hays, and it will thus be seen that the entire question in the case for determination by the court below, and by this court, was and is one of fact, with no admixture of any question of law of any importance. Under the circumstances, then, the field, though not an inviting one to enter, must be surveyed, and at a considerable distance from the living facts.

Appellant Hays seems not to have been a witness in the case, probably for the reason that he was not present looking after the matter, but left it to his son, who has since died, and so it seems there is no one left who knows the facts as well as appellee Beaird, and Millard, who was attorney for Hays in the transaction; as Hite, who was Armstrong's attorney in the attachment suit, was only interested to see that the horse, no matter who purchased him, was, by agreement between Hays and Armstrong, to cancel the debt of Armstrong to Hays. The two parties, then, who should know most about the matter, flatly contradict each other, and hence one of them must be mistaken.

There is some evidence in the record tending to corroborate the testimony of appellants' witness Millard, which is strongly relied upon by appellants as sustaining their theory of the case, but this evidence was entirely verbal, and instead of detailing what was said between the parties, it, in substance, gave the conclusions of the witnesses, from what they heard talked about.

This is more or less the case wherever witnesses are called upon to detail what was said, and, being unable to do so, give their best judgment as to what it was, which is their opinion or conclusion about the matter, and which is taken as evidence, because it is the best evidence that can be given, since the sound of the words has faded away and can not be recalled, while the impression upon the mind still remains.

On the other hand, as evidence tending to corroborate the contention of Beaird that he did not bid off the horse for Hays, but for himself, there is the fact of the payment to the sheriff of the amount bid, and the sheriff's written receipt for the money; the lack of evidence that at the time of the sale Beaird was indebted to Hays; the fact that Hays, by his attorney, received the money from the sheriff, and never offered to return it, as he should have done if the payment was merely formal; and the further fact that neither the sheriff, nor his deputy, who made the sale, had any knowledge that Beaird was acting for Hays. Besides these facts, it may be asked, where was the necessity for procuring Beaird to bid for Hays, so long as Hays' son (who seems to have been present, acting for his father), or Millard, Hays' attorney, could as well have bid for him? We are unable to discover any.

Taking into consideration the foregoing facts, with the further fact that no claim seems to have been made by Hays, or any other person for him, that he was the real owner of the horse, until Beaird had fitted him up and put him on the race track, where he had won some money, the inference we think may well be drawn that if the horse had been unsuccessful in winning more money than Beaird had paid out, no claim would have been made by Hays for the horse, and no suit in replevin would have been brought for his recovery.

The court, in passing upon the evidence, and determining on which side it preponderated, stood in place of a jury, and having seen the witnesses and heard them testify, its finding on the facts should not be interfered with by this court for any less cause than would move the court, if the same

finding had been made by a jury. And the rule of law that an Appellate Court will not reverse a judgment based on a verdict found on conflicting evidence, where the evidence is ample to sustain it, is too well settled to require the citation of authorities for its support, since it can be readily seen that a contrary rule would practically result in the abolition of jury trials.

The evidence was ample to sustain the finding of the court and the court committed no error in that respect.

Several propositions of law asked by appellees were held by the court, to which exceptions were taken by appellants, and one proposition asked by appellants was refused by the court, to which exception was also taken; but as we understand appellants' counsel, the claimed errors in the rulings are waived, and need not be noticed. We have, however, given them full consideration, and are of the opinion the court did not err in that regard.

The judgment is affirmed.