Jefferson E. Greer, Jesse Sherwood and Mills & Co., v. John Clay, Jr., et al.

1.  TRIALS—By the Court—When Not to Be Set Aside.—The finding of a judge to whom a cause is submitted for trial without a jury is entitled to as much weight on controverted question of fact as the verdict of a jury, and will not be set aside by an appellate tribunal unless it is manifestly against the weight of the evidence.

Trover.—Appeal from the Superior Court of Cook County; the Hon. PHILIP STEIN, Judge, presiding.  Heard in the Branch Appellate Court at the October term, 1900.  Affirmed.  Opinion filed December 24, 1901.

PATTISON & SHAW, attorneys for appellants.

SWIFT, CAMPBELL & JONES, attorneys for appellees.

MR. JUSTICE SHEPARD delivered the opinion of the court.

This is a suit in trover begun by appellants to recover the proceeds of the sale of cattle consigned to the appellees

by a chattel mortgagee who had taken possession of them. The appellants claimed the proceeds of sale under another chattel mortgage claimed to have covered the same cattle. The contest is between the claimants under the two mortgages.   The mortgage under which the appellees claimed is dated September 18, 1897, and describes the cattle as two-year-olds, past, with " a round ring in the upper part of the right ear," and was given for money loaned to buy cattle, claimed to be the same ones shipped.

The controversy is as to whether the cattle consigned and sold were the identical cattle covered by appellants' mortgage, not whether they were the same cattle covered by the mortgage held by appellees' consignor. If the question was as to whether the cattle were covered by the mortgage of appellees' consignor, we might agree that they were not, on the ground that the cattle did not bear the identifying mark described in his mortgage.

The appellants claimed the cattle because of the claimed identity of them with those described in their mortgage. In endeavoring to establish that identity much evidence was elicited tending to show that they were not and could not have been the cattle covered by the mortgage of appellees' consignor. Still, the question remained, were they the same cattle covered by appellants' mortgage. The declaration counted upon the conversion of the identical cattle described in appellants' mortgage, and no others.

At the request of the owner of the cattle, appellants, who are commission merchants doing business at the Union Stock Yards, in Chicago, sent a man to the farm of the owner, in Iowa, to examine the cattle and investigate the records of the county in which they were located for liens on them, and if satisfactory to loan $2,000 on the cattle.

This was done, and the money was loaned and applied in large part to pay off an existing chattel mortgage held by a bank in the vicinity, and the chattel mortgage in question was given by the owner.

The mortgage was dated December 9, 1897, and the property described in it was as follows:

" Thirty-six steers, namely, 23 red steers, three-year-olds; 5 roan steers, three-year-olds; 1 brindle steer, three years old; 3 red and white spotted steers, three-year-olds; 1 yellow spotted steer, three years old; 4 red ring faced steers, three-year-olds; 200 hogs, average 120; 100 pigs, shoats, average 75; also 4,000 bushels of corn in crib and shock, being all feeding cattle, three-year-olds, and chattels of the kind that I have; and it is hereby covenanted and stated as a fact that all of the said cattle and hogs and chattels are owned by said party of the first part and are free and clear of all incumbrances of every kind and character. The said cattle and hogs and chattels are now in perfect health and good condition and in the undisputed possession of the said party of the first part on the premises, being the southwest quarter ($\frac{1}{4}$) of section No. 21, in township No. 68, range No. 9, in Van Buren County, State of Iowa.     *     *     * Said cattle and hogs have been in the undisputed possession of the party of the first part for the period of one hundred and twenty days last past, having been purchased by the party of the first part from various parties of Van Buren county. The average weight of said cattle is now thirteen hundred and sixty (1,360) pounds."

The evidence that tended to show the cattle in question were not the same as those described in appellants' mortgage, was mostly directed to the claim that the cattle consigned and sold were two years old past, and not three years old; that they had not been in the possession of the mortgagor so long as the mortgage stated them to have been; that they were purchased from farmers in the early part of September, 1897, and were not the same that were purchased from parties in Van Buren county, Iowa.

On the other hand, the testimony of the man Pried, who went to Iowa to examine the cattle, and made the loan for appellants, is positive that the cattle are the same he saw on the mortgagor's farm and took the description of for the purpose of drawing the mortgage. He afterward saw the cattle when they were being unloaded at the Stock Yards and picked out and separated them and positively identified them as the same ones on which he took the mortgage, in Iowa. Another witness, Ferguson, is the only one for the appellants except Pried who saw the cattle in Iowa, and

his opinion was they were three years old.    Six other witnesses testified for appellants that they were three-year-olds, basing their opinion on their size and general appearance.

An equal or greater number of witnesses for appellees testified that the cattle were two-year-olds or two years past, some of them basing their opinion on their size and appearance, and others on actual knowledge of them from the time they were calves or yearlings.

Boude, the appellees' consignor, was clearly a creditor of the mortgagor, and as such was entitled to contest appellants' right to possession of the cattle.    Whether he made out his right to possession under the terms of his mortgage as against appellants may be questioned, but as we said at the beginning, the case turns on the evidence as to appellants' mortgage covering the identical cattle in question.    It does not follow, that because the cattle were not the same as described in the mortgage held by appellees' consignor, they therefore belonged to appellants.

From all the testimony we are quite unable to say that the learned judge, before whom the case was tried without a jury, came to an incorrect conclusion.    The findings of a judge to whom a cause is submitted without a jury, are entitled to as much weight on controverted questions of fact as is the verdict of a jury, and should not be set aside by an appellate tribunal unless the findings are manifestly against the weight of evidence.    Burgett v. Osborne, 172 Ill. 227; Western, etc., Coal & C. Co. v. Beaver, 95 Ill. App. 95; Hays v. Langley, 90 Ill. App. 500.

This we can not say on the record before us, and the judgment must, accordingly, be affirmed.